UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: _____

CHRISTOPHER NADELMAN,

     Plaintiff,

v.

JACOBS ENGINEERING GROUP, INC.,
and the U.S. ENVIRONMENTAL
PROTECTION AGENCY

     Defendants.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes Plaintiff, Chris Nadelman in the above-captioned matter and for his Complaint states:

## THE PARTIES

1. Plaintiff, Christopher Nadelman (hereinafter referred to as "Plaintiff" or "Mr. Nadelman") is an individual and resident of the State of Florida.

2. Upon information and belief, Defendant Jacobs Engineering Group, Inc, (hereinafter referred to as "Jacobs") is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is in Dallas, Texas. Jacobs is registered to business in the Commonwealth of Massachusetts and has a Resident Agent, C T Corporation System, located at 155 Federal Street Ste 700, Boston, MA 02109, and at all times relevant hereto operated, maintained, and/or controlled the Environmental Protection Agency Decontamination Facility located on Hervey Tichon Avenue, New Bedford, MA (hereinafter referred to as the "Facility").

3.    Upon information and belief, Defendant, Environmental Protection Agency. (hereinafter referred to as the "EPA") is an agency of the Federal Government of the United States of America, and at all times relevant hereto, owned, operated, maintained, and/or controlled the Decontamination Facility located on Hervey Tichon Avenue, New Bedford, MA.

## JURISDICTION AND VENUE

4.    This is a diversity action seeking damages for personal injury and is brought pursuant to 28 U.S.C. § 1332.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.    This Court has personal jurisdiction over EPA pursuant to 28 U.S. § 1346.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within the District of Massachusetts and this District is the most convenient for the parties and witnesses.

## STATEMENT OF FACTS

7.    Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

8.    Plaintiff was employed by Sevenson Environmental Services, Inc. ("Sevenson") to work at the Facility.

9.    On or about September 10, 2019, Plaintiff was working at the Facility.

10.   On or about September 10, 2019, the Facility was owned by the EPA.

11.    On or about September 10, 2019, the Facility was being used as part of the EPA's New Bedford Harbor clean-up project.

12.    On or about September 10, 2019, Jacobs had been contracted by the EPA to run, operate, and/or maintain the Facility.

13.    On or about September 10, 2019, Jacobs had contracted Plaintiff's employer, Sevenson, as a subcontract at the Facility.

14.    On or about September 10, 2019, the Facility contained water treatment equipment that would filter out Polychlorinated biphenyls (PCBs) from water and sediment being run through the water treatment equipment.

15.    Upon information and belief, on the date of the incident a water line burst, and water started shooting out.

16.    Plaintiff was then instructed to take samples of the water that had been spilled.

17.    Within the facility there was a set of steps, which are depicted in Exhibit A attached to this Complaint.

18.    In order to reach the area where Plaintiff was instructed to take samples from he had to traverse these steps.

19.    On or about September 10, 2019, Plaintiff began to descend the steps, he slipped on a wet and uneven step and fell (the "Fall") and landed hard on his wrist.

20.    Upon information and belief, the steps depicted in Exhibit A were defective in that there were not properly constructed.

21.    Upon information and belief, the steps depicted in Exhibit A were defective in that the treads were uneven.

22.     Upon information and belief, the steps depicted in Exhibit A were defective in that they lacked proper non-slip surfaces in an area that was known to get wet.

23.     Upon information and belief, the steps depicted in Exhibit A were defective in that the area lacked adequate lighting.

24.     Upon information and belief, the steps depicted in Exhibit A were defective in that they lacked proper handrails.

25.     Upon information and belief, the steps depicted in Exhibit A were

26.     As a result of the Fall, Plaintiff was caused: 1) to sustain serious bodily injury; 2) to sustain past, present and future pain, suffering, and emotional distress; 3) to incur past, present, and future medical expenses; and 4) to incur past, present, and future loss of income and/or loss of earning capacity.

27.     As a result of the Fall, Plaintiff sustained a fractured wrist, for which he underwent surgery on September 24, 2019.

28.     As a result of the Fall, Plaintiff exacerbated underlying health conditions, which prevent him from returning to work.

29.     As a result of the Fall, Plaintiff's injuries and exacerbation of underlying conditions have prevented him from returning to work since September 11, 2019.

### COUNT I – NEGLIGENCE
### v. JACOBS ENGINEERING GROUP, INC.

30.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

31.     As the operator, manager, and or supervisor of the Facility, Jacobs owed Plaintiff a duty to provide, supervise, oversee, manage and/or ensure a reasonably safe work environment.

32.    Jacobs negligently, recklessly, or carelessly breached its duty by failing to ensure that stairways erected at the Facility were in a safe condition.

33.    As a direct and proximate result of Jacobs' negligence, recklessness or carelessness, Plaintiff sustained serious bodily injury and past, present, and future pain, suffering, and emotional distress.

34.    As a direct and proximate result of Jacobs' negligence, recklessness, or carelessness, Plaintiff has incurred and will continue to incur past, present, and future medical expenses.

35.    As a direct and proximate result of Jacobs's negligence, recklessness or carelessness, Plaintiff has incurred and will continue to incur past, present, and future loss of income and/or loss of earning capacity.

**WHEREFORE**, Plaintiff, Chris Nadelman, demands judgment against Jacobs Engineering Group, LLC in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other relief deemed just and proper.

## COUNT II – NEGLIGENCE
## v. U.S. ENVIRONMENTAL PROTECTION AGENCY

36.    Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

37.    On August 31, 2021, Plaintiff submitted a claim to EPA under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. EPA has not made a final determination of the claim within the six-month time period prescribed in 28 U.S.C. § 2675(a).

38.    As the owner, operator, manager, and or supervisor of the Facility, the EPA owed Plaintiff a duty to provide, supervise, oversee, manage and/or ensure a reasonably safe work environment.

39.    EPA negligently, recklessly, or carelessly breached its duty by failing to ensure that stairways erected at the Facility were in a safe condition.

40.    As a direct and proximate result of Jacobs' negligence, recklessness or carelessness, Plaintiff sustained serious bodily injury and past, present, and future pain, suffering, and emotional distress.

41.    As a direct and proximate result of Jacobs' negligence, recklessness or carelessness, Plaintiff has incurred and will continue to incur past, present, and future medical expenses.

42.    As a direct and proximate result of Jacobs' negligence, recklessness or carelessness, Plaintiff has incurred and will continue to incur past, present, and future loss of income and/or loss of earning capacity.

**WHEREFORE**, Plaintiff, Chris Nadelman, demands judgment against Defendant, the U.S. Environmental Protection Agency, Inc. in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other relief deemed just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff, Chris Nadelman,
By his attorneys,


/s/ Marnix E. Weber
Michael B. Flynn, Esq. BBO No. 559023
mflynn@flynnwirkus.com
Marnix E. Weber, Esq. BBO No. 694834
mweber@flynnwirkus.com
Flynn|Wirkus|Young, P.C.
350 Granite Street, Ste 1204
Braintree, MA 02184
P: (617) 773-5500
F: (617) 773-5510

Date: September 9, 2022